THOMAS WHALEN, PLAINTIFF IN ERROR, v. MANCHESTER LAND COMPANY, DEFENDANT IN ERROR.

Argued June 22, 1900—Decided November 19, 1900.

1. A married woman cannot convey any estate in her lands but by a conveyance executed, acknowledged and certified to in the form prescribed by the statute. Without such acknowledgment the deed is wholly inoperative.

2. Easements are divided into two classes: those which are apparent and continuous, and those which are not. The former will pass on the severance of the two tenements as appurtenant, but the latter will not be created unless the grantor uses language in the conveyance sufficient to create the easement *de novo*.

3. An easement which is continuous, and is made apparent by a permanent structure by means of which the right is enjoyed, is an easement which will be created as an appurtenant without words of grant *de novo;* as, for instance, the flow of water through a trunk constructed and used for that purpose.

On error to the Supreme Court. This cause was tried at the Ocean County Circuit Court, at the April Term, 1899, before Mr. Justice Van Syckel and a jury, and a verdict rendered for the defendant.

For the plaintiff in error,. *John W. Wescott* and *Francis D. Weaver.*

For the defendant in error, *Isaac W. Carmichael.*

The opinion of the court was delivered by

DEPUE, CHIEF JUSTICE. This was an action brought by the plaintiff, Thomas Whalen. The declaration avers in substance that the plaintiff was the owner of two pieces of cranberry bog, containing seven acres and three and fifty-four hundredths acres respectively; that as appurtenant to these premises he had enjoyed, and of right ought to have and enjoy, the advantage of the water of Horicon lake, flowing through a certain sluiceway, &c., and that the defendant, the Manchester Land Company, wrongfully tore out and destroyed the said sluiceway and cut off the flow of water, &c. At the trial there was a verdict for the defendant. The case is now here on exceptions to the charge of the trial court. The facts, as they appeared at the trial, are briefly these:

In 1854, John Torrey was the owner of a tract of land known as the Manchester tract, containing about twenty-five thousand acres, situate near Manchester, in the county of Ocean. On this tract there is a stream of water held back by a dam, creating a considerable pondage of water

known as Lake Horicon. There are three of the parcels of land in this tract directly involved in this case. First, a tract described as containing three and seven-hundredths acres; a second, containing seven acres, and a third, containing three and fifty-four hundredths acres. The last two parcels are known in the case as cranberry bogs. The tract of three and seven-hundredths acres lies along the margin of the lake, and over the end of this parcel is the sluiceway or trunk hereafter referred to. In 1864, John Torrey made the two parcels of seven acres and three and fifty-four hundredths acres into cranberry bogs by planting vines and wheeling in sand. The flooding of these lands necessary to make the cultivation of cranberries profitable was obtained by means of the sluiceway or trunk already referred to, carrying the water from the lake. This sluiceway is at the south end of the tract of three and seven-hundredths acres, and is described as a wooden sluice, partly set on piling on top of the earth, and part under the road covered with dirt. It was about two hundred feet in length, extending entirely across the three and seven-hundredths acres tract and onto the seven acres tract, just where the two bogs join. The water of the lake was carried by this trunk, which had its outlet on the seven acres tract, close to the line between that tract and the three and fifty-four hundredths acres tract; from that point it flowed over both bogs. This was the situation and condition of the *locus in quo* in 1864.

By a deed bearing date May 1st, 1863, recorded May 30th, 1863, John Torrey conveyed to Adeline W. Torrey five hundred and three and seventy-two hundredths acres. This conveyance included the pond and also the one cranberry bog containing three and fifty-four hundredths acres. The condition of the title at this time was as follows: John Torrey remained the owner of the cranberry bog containing seven acres, and also of the three and seven-hundredths acres along the lake, and Adeline owned the lake and also the cranberry bog containing three and fifty-four hundredths acres.

By a deed dated August 18th, 1865, acknowledged October 4th, 1865, and recorded December 26th 1865, Adeline W.

Torrey and her husband conveyed to John Torrey the bog containing three and fifty-four hundredths acres. Although this deed was dated August 18th, it took effect as a conveyance on October 4th, the date of the acknowledgment. The grantor being a married woman, the deed was inefficacious until it was acknowledged by her. Section 9 of the act concerning conveyances enacts that no estate of a *feme covert* in lands, tenements or hereditaments shall pass by her deed or conveyance without a previous acknowledgment made by her on a private examination apart from her husband, in the manner pointed out by the statute. *Gen. Stat., p.* 854. "A *feme covert* can convey no estate in her lands, &c., but by a conveyance thus executed and acknowledged and certified." 4 *Griff. L. R.* 1206. "The examination of the *feme covert* and her acknowledgment in the form prescribed by the statute are essential ingredients; without them the deed is wholly inoperative." *Tuthill* v. *Townley, Coxe* 242; *Sheppard* v. *Wardell, Id.* 452.

By a deed dated December 11th, 1869, recorded December 18th, 1869, John Torrey conveyed to Mary S. Fackler both the bogs. By a deed dated September 22d, 1888, acknowledged September 24th, and recorded October 17th, 1888, Mary S. [Fackler] Torrey and John Torrey, her husband, conveyed to Thomas Whalen, the plaintiff in this suit. This deed included both of the cranberry bogs. On the 7th of September, 1865, John Torrey, by a deed bearing date on that day, acknowledged by him on September 17th, 1865, and recorded October 24th, 1865, conveyed to Adeline W. Torrey the three and seven-hundredths acres. This is the parcel on the westerly end of which is the wooden sluice.

By a deed bearing date the 1st of October, 1865, Adeline W. Torrey and William Torrey, her husband, conveyed to James Brown a tract of ninety-five and forty-four hundredths acres, part of the original tract. The premises described included part of the northerly end of the three and seven-hundredths acres tract, and also the pond and its banks, with the entire and unlimited possession and control of the flow of water and water power resulting from the lake or pond within said tract.

This deed did not embrace that part of the tract of three and seven-hundredths acres on which the trunk or sluiceway was located, except where the sluiceway extended through the bank of the pond. The deed, though dated on the 1st of October, 1865, was not acknowledged until the 28th of December, 1865. For reasons that have already been stated, the conveyance to Brown became effective as a conveyance as of the time when the same was acknowledged. The defendant claims under this deed.

At the time of the conveyance of the three and fifty-four hundredths acres tract by Adeline to John Torrey, both of the bogs were supplied with water from the pond by means of the structure erected by John Torrey in 1864. For the destruction of this trunk or sluiceway by the defendant, this suit was brought.

Easements are divided into two classes: Those which are apparent and continuous, and those which are not. The former will pass on the severance of the two tenements, as appurtenant, without the use of the word "appurtenant," but the latter will not be created unless the grantor uses language in the conveyance sufficient to create the easement *de novo*. *Fetters* v. *Humphreys*, 4 *C. E. Gr.* 471.

An easement which is continuous, and is made apparent by a permanent structure by means of which the right is enjoyed, is an easement which will be created as an appurtenant without words of grant *de novo;* as, for instance, the flow of water through a trunk constructed and used for that purpose. *Seymour* v. *Lewis,* 2 *Beas.* 439, 449; *Fetters* v. *Humphreys,* 3 *C. E. Gr.* 262, 266; *Kelly* v. *Dunning,* 16 *Stew. Eq.* 62; *S. C. on appeal,* 1 *Dick. Ch. Rep.* 605; *Larsen* v. *Peterson,* 8 *Id.* 88, 95. By the deed for the three and fifty-four hundredths acres, John Torrey acquired for himself, and those who succeeded to him in title, an easement of the right to use the water of the pond through the conduit to flow over the cranberry bog conveyed to him by that deed. In this respect and to this extent the fact that the water was delivered on the seven acres tract near the line between the two bogs makes no difference. Nor is it material to consider at this time whether

cr not the grantee would have a right to the use of the water for the seven acres tract, as well as for the three and fifty-four hundredths acres. The defendant destroyed the viaduct for conveying the water, and that is the gravamen of this suit. The extent of the plaintiff's right to the use of the water will control the measure of his damages.

The learned judge, in his charge to the jury, held that the deed from Adeline Torrey and her husband to John Torrey, for the three and fifty-four hundredths acres, vested in the grantee an easement of the right to the flow of water to the premises conveyed, as it existed in 1865, when he took his deed. But he instructed the jury that the plaintiff had no paper title to the easement of the flow of water that he claimed in the case. This instruction is brought before us by an exception. The latter instruction was founded on the assumption that the right granted by the deed for the three and fifty-four hundredths acres had subsequently been extinguished. It will be seen that this view is founded upon a misapprehension arising from confusion in the dates as of which the several deeds of Mrs. Torrey were acknowledged.

The deed from Mrs. Torrey and her husband to James Brown, although dated October 1st, 1865, did not become a valid conveyance until December 28th of that year, when the deed was acknowledged. The deed from Mrs. Torrey and her husband to John Torrey for the three and fifty-four hundredths acres, dated August 18th, 1865, acknowledged on the 4th of October, was acknowledged after the date of the deed from Mrs. Torrey and her husband to Brown, but was acknowledged before the acknowledgment of the Brown deed. The deed from Mrs. Torrey and her husband for the three and fifty-four hundredths acres, therefore, had priority over the deed to Brown. She had the title vested in her at the time that deed was made that would enable her to dispose of the waters of the pond.

The learned judge, in his charge to the jury, held that the easement granted by the deed for the three and fifty-four hundredths acres tract was extinguished by the deed made by John Torrey to Adeline W. Torrey on the 7th of September,

1865, whereby he conveyed to her the three and seven-hundredths acres tract. The deed from Mrs. Torrey to John Torrey for the three and fifty-four hundredths acres is dated August 18th, 1865. The deed from John Torrey to Adeline Torrey for the three and seven-hundredths acres tract is dated on the 7th of September, 1865, and was acknowledged September 17th, 1865. Regarding simply the dates of these deeds, the conveyance by John to Adeline was subsequent to the deed from her to him, and the extinguishment of the easement hence would arise therefrom, as the learned judge instructed the jury. But, although the deed from John Torrey to Mrs. Torrey took effect from the time of its date—September 7th, 1865—the conveyance to him from Mrs. Torrey, and her husband, she being a married woman, became effective only as of the date of the acknowledgment—October 4th, 1865. So that at the time Mrs. Torrey's deed to John for the three and fifty-four hundredths acres became effective—October 4th, 1865—Mrs. Torrey was the owner of the pond, with full power to dispose of it or of its waters, and was also the owner of the tract of three and seven-hundredths acres.

The easement created by the deed from Mrs. Torrey and her husband to John Torrey for the three and fifty-four hundredths acres was not extinguished or affected either by her deed to Brown or by the deed from John Torrey to her for the three and seven-hundredths acres tract. So far as appears in this case, the easement created by that deed still exists and is vested in the plaintiff.

The judgment should be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Dixon, Garrison, Collins, Fort, Bogert, Hendrickson, Adams, Vredenburgh, Voorhees. 11.